**UNITED STATES DISTRICT COURT OF INTERNATIONAL TRADE**

FEDERAL EXPRESS CORPORATION
FEDEX LOGISTICS, INC.,

       *Plaintiffs*,

TREVOR VADEN, on behalf of himself
and all others similarly situated,

       *Proposed Plaintiff-Intervenor*
v.

U.S. CUSTOMS AND BORDER
PROTECTION; RODNEY S. SCOTT, in
his official capacity as Commissioner of
U.S. Customs and Border Protection; and
the UNITED STATES OF AMERICA,

       *Defendants*.

Case No.: 1:26-cv-01150

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**MOTION TO INTERVENE**

Pursuant to 28 U.S.C. § 2631(j) and Rule 24(b) of the Rules of the U.S. Court of International Trade, Trevor Vaden ("Intervenor") on behalf of himself and all others similarly situated, hereby moves to intervene as Plaintiff-Intervenor in the above-captioned case, for reasons set forth below.

**LAW AND ARGUMENT**

Under 28 U.S.C. § 2631(j), the Court may permit "any person who would be adversely affected or aggrieved by a decision in a civil action pending in the Court of International Trade" to intervene in that action. The phrase "adversely affected or

1

aggrieved" mirrors the language of other federal statutes and "represents a 'congressional intent to the cast the [intervention] net broadly – beyond the common-law interests and substantive statutory rights' traditionally known to law." *Ontario Forest Indus. Ass'n v. United States*, 30 CIT 1117, 1130, 444 F. Supp. 2d 1309, 1322 (2006) (citing *FEC v. Akins*, 524 U.S. 11, 19 (1998)).

Under USCIT Rule 24(b), the court may permit a party to intervene if the party "has a claim or defense that shares with the main action a common question of law or fact." USCIT R. 24(b)(1)(B). When considering a motion for permissive intervention under USCIT Rule 24(b)(1)(B), the court considers three factors: "(a) whether the intervenor's claim has a question of law or fact in common with the plaintiffs; (b) whether the application is timely; and (c) 'whether the intervention will unduly delay or prejudice the adjudicative rights of the original parties.'" *Manuli Autoadesivi, S.p.A. v. United States*, 9 Ct. Int'l Trade 24, (602 F. Supp. 96 (1985) (quoting USCIT Rule 24(b)).

## I.    Whether Intervenor's Claim has Questions of Law or Fact in Common with the Plaintiffs

According to their Complaint, Plaintiffs are seeking "a full refund from Defendants of all IEEPA duties Plaintiffs have paid to the United States." ECF No. 2 ("Compl."), ¶ 5. The core issue in Plaintiffs' suit is whether they are entitled to recoup the duties they paid to the United States under the unlawful tariffs. That question is also central to Intervenor's claim of unjust enrichment, because Plaintiffs

explicitly passed the costs of the illegal tariffs onto their customers. Under the FAQs section of Plaintiffs website, it states that "Logistics companies *facilitate* the payment of required duties and taxes to the government on behalf of the seller/buyer. These are not fees TO the logistics provider, nor are they considered 'shipping fees.'" (emphasis added).[1] Plaintiffs imposed and collected tariff-related charges from Plaintiff-Intervenor and the putative class, often withholding shipments until these tariff-related charges were paid. Intervenor and the putative Class suffered economic harm from these charges and are entitled to recoup them.

Should Plaintiffs succeed in recovering the duties paid to the United States, it would be inequitable and unjust for Plaintiffs to retain these funds, which were ultimately borne by Plaintiffs' customers. Should Plaintiffs fail to recover the duties paid under the illegal tariffs, Intervenor and the proposed Class will face additional barriers to remedying the economic damage they suffered because Plaintiffs burdened their customers with the costs imposed by unlawful tariffs. Plaintiffs would therefore be "adversely affected or aggrieved" by a decision in this matter, and the first factor is met. *Ontario Forest Indus. Ass'n*, 30 CIT 1117, 1130.

---

[1] FedEx, *Navigating U.S. tariffs and customs regulations*, https://www.fedex.com/en-us/shipping/international/us-tariffs-impact.html (last visited Feb. 25, 2026); https://web.archive.org/web/20260224135018/https://www.fedex.com/en-us/shipping/international/us-tariffs-impact.html (last visited April 21, 2026).

## II.    The Motion is Timely

There is no question about the timeliness of this Motion, as Plaintiffs Federal Express Corporation and FedEx Logistics, Inc. filed suit on February 23, 2026. *See Manuli Autoadesivi*, 9 C.I.T. 24 at 26 (finding that a motion to intervene timely when it was filed less than three months after plaintiffs filed their complaint).

## III.    Whether the Intervention Will Unduly Delay or Prejudice the Adjudicative Rights of the Original Parties

Finally, permitting intervention would not "unduly delay or prejudice the adjudication of the rights of the original parties." 28 U.S.C. § 2631(j)(2). Plaintiffs filed suit February 23, 2026, and it was stayed the flowing day[2]; this litigation is in its earliest stages. While it is true that "intervention *always* delays the resolution of judicial proceedings," a party opposing a motion to intervene "must allege that the delay would be 'more than is due or proper: excessive[]." *Ont. Forest Indus. Assoc.*, 30 C.I.T. 1117 at 1131 (quoting XVIII Oxford English Dictionary 1011-12 (8th ed. 2002)).

Here, Intervenor brings only a single crossclaim against Plaintiffs for unjust enrichment. Additionally, no party will be prejudiced by intervention. Intervenor's claims will have little effect on the United States, as Intervenor's claim is only

---

[2] Pursuant to Administrative Order 25-02, this case is stayed. ECF No. 8

against Plaintiffs. Nor will intervention prejudice the Plaintiffs seeking restitution of funds they already extracted from their customers. Indeed, intervention would arguably benefit Plaintiffs, who will be saved the cost and effort of separate, subsequent litigation on Intervenor's claims.

## CONCLUSION

For the foregoing reasons, Intervenor respectfully request that this Court GRANT his motion to intervene.

/s/ *Joseph G. Sauder*
Joseph G. Sauder
Joseph B. Kenney (to be admitted)
Melissa J. Stewart (to be admitted)
**SAUDER SCHELKOPF LLC**
1109 Lancaster Avenue
Berwyn, PA 19312
Telephone: (888) 711-9975
Facsimile: (610) 421-1326
jgs@sstriallawyers.com
jbk@sstriallawyers.com
mjs@sstriallawyers.com

Rex A. Sharp (to be admitted)
Sarah T. Bradshaw (to be admitted)
Henry A. Feyh (to be admitted)
**SHARP LAW LLP**
4820 W. 75th Street
Prairie Village, KS 66208
(913) 901-0505
rsharp@midwest-law.com
sbradshaw@midwest-law.com
hfeyh@midwest-law.com

**UNITED STATES DISTRICT COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| FEDERAL EXPRESS CORPORATION FEDEX LOGISTICS, INC.,<br><br>*Plaintiffs*,<br><br>TREVOR VADEN, on behalf of himself and all others similarly situated,<br><br>*Proposed Plaintiff-Intervenor*<br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; and the UNITED STATES OF AMERICA,<br><br>*Defendants*. | Case No.: 1:26-cv-01150<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

**[PROPOSED] ORDER**

Upon consideration of the Motion to Intervene by Trevor Vaden, on behalf of herself and all others similarly situated, and upon consideration of all other papers and proceedings herein, it is hereby:

ORDERED that the motion is granted; and it is further

6

ORDERED that Trevor Vaden, acting on behalf of himself and all other similarly situated, is a party to this action as Plaintiff-Intervenor.

So ordered.

_____
Judge
United States Court of International Trade

Dated: _____